UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


MELVYN ERNEST REDHEAD,

     Plaintiff,

v.

                                    CASE NO. 6:10-cv-760-Orl-28DAB
                                    (6:07-cr-145-Orl-28DAB)

UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER

After a jury trial, the Court entered a Judgment In A Criminal Case (Criminal Case Doc. No. 186, filed January 8, 2009) in which Plaintiff was adjudicated guilty of counts two and three of the indictment and sentenced to imprisonment for a total term of 230 months.[1] Plaintiff appealed, and the Eleventh Circuit Court of Appeal entered an opinion February 25, 2010, vacating the sentence and remanding the case for re-sentencing without the application of the career offender enhancement. *See* Criminal Case Doc. No. 253.

The Court subsequently held a re-sentencing hearing and entered a Judgment on Remand on May 3, 2010 (Criminal Case Doc. No. 258) in which Plaintiff was adjudicated guilty of counts two and three of the indictment and sentenced to imprisonment for a total term of 94 months. On May 10, 2010, Plaintiff, through counsel, filed a notice of appeal.

---

[1]Hereinafter Criminal Case No.6:07-cr-145-Orl-28DAB will be referred to as "Criminal Case."

*See* Criminal Case Doc. No. 260.

This case is presently before the Court on the Motion to Vacate Petitioner's Unlawful Conviction and Sentence filed by Plaintiff, *pro se*, on May 5, 2010 (the "Motion to Vacate"). Plaintiff requests that his convictions and sentences be vacated, and he specifically notes that he is not seeking relief under 28 U.S.C. section 2255.

Initially, the Court finds that the Motion to Vacate, which deals with Plaintiff's criminal case, was filed by Plaintiff in a *pro se* capacity even though Plaintiff has counsel representing him in those proceedings. Rule 2.03(d), Local Rules of the United States District Court for the Middle District of Florida, which provides in pertinent part:

> Any party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court; nor shall any party, having previously elected to proceed in proper person, be permitted to obtain special or intermittent appearances of counsel except upon such conditions as the Court may specify.

Plaintiff has not sought or received leave of Court to file the above-referenced motion, and, therefore, it must be denied.

Further, Plaintiff has not set forth the basis upon which the Court has jurisdiction over the Motion to Vacate, and, in light of Plaintiff's pending appeal, it appears that the Court was divested of jurisdiction over the criminal case. *See United States. v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (holding that "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.").

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

    1.    Plaintiff's Motion to Vacate Petitioner's Unlawful Conviction and Sentence

(Doc. No. 1, filed May 5, 2010) is **DENIED**.

    2.    This case is **DISMISSED**.

    3.    The Clerk of the Court is directed to close this case.

    **DONE AND ORDERED** in Chambers at Orlando, Florida, this _19_ day of May,

2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/19
Melvyn Ernest Redhead
Counsel of Record

3